## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Half
International, Inc.

v.

Cricket Technologies, L.L.C.

November 20, 2007

Case No. CL-2007-8987

BY JUDGE JONATHAN C. THACHER

This matter came before this Court on September 7, 2007, on Defendant's Motion to Release Garnished Funds. After considering counsels' arguments and reviewing the Virginia Code, the Court denies the Defendant's Motion.

*Background*

In this matter, Plaintiff secured a garnishment summons against the Defendant's bank account at PNC Bank. The Defendant initially claimed that this bank account was exempt because there were superior liens that had priority over the Plaintiff's lien. However, this Court rejected the Defendant's claim that superior liens constitute a valid exemption to a garnishment on August 24, 2007.

On September 7, 2007, the Defendant brought a motion to release the disputed funds to other creditors. Defendant's counsel argued that other creditors had secured a superior security interest to that of the Plaintiff and offered numerous financing statements from these creditors. Plaintiff's counsel argued that these financing statements were not perfected correctly since the disputed collateral in this case was a deposit account.

*Analysis*

Va. Code § 8.9A-312(b)(1) states that a security interest in a deposit account can only be perfected by control as defined in Va. Code § 8.9A-314. Perfection by control occurs when the secured party actually obtains actual control of the deposit account. *See* Va. Code § 8.9A-314. Va. Code § 8.9A-104 further defines the requirements for control of a deposit account.

Va. Code § 8.9A-104 establishes three situations where a secured party has actual control of the deposit account. First, the secured party is the bank where the deposit account is located. Second, the debtor, secured party, and the bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing the disposition of the funds in the deposit account without further consent by the debtor. Third, the secured party becomes the bank's customer with respect to the deposit account.

After hearing arguments from both counsel, the evidence establishes that the Defendant's creditors do not have control over the deposit account as required by Va. Code § 8.9A-104 and Va. Code § 8.9A-314. The Defendant has only provided Financing Statements from other creditors, and these Financing Statements do not satisfy the statutory requirements for control. First, none of the statements show that the creditor is the bank where the deposit account is located. Second, the financing statements do not show that an agreement exists among the debtor, the secured party, and the bank. Finally, the financing statements do not show that the secured party is the bank's customer with respect to the disputed deposit account. Additionally, the Defendant did not produce any other evidence that indicated that these creditors had control of the disputed deposit account pursuant to Va. Code § 8.9A-104. Therefore, the Defendant's creditors' have not properly perfected their interest in PNC deposit account and do not currently have a right to claim priority over those funds.

*Conclusion*

The Court finds that the Defendant's creditors have not properly perfected their security interest. Since these creditors do not have control over the deposit account, the Financing Statements do not create a valid security interest. The Defendant's Motion is denied.